UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARK A. ZIMMERMAN,

        Plaintiff,

   v.

JAMES FORKINS,

        Defendant.
_____/

Case No. 2:25-cv-923-KCD-DNF

## ORDER

This is a car-on-bike personal injury case that Defendant James Forkins removed based on diversity jurisdiction. Plaintiff Mark A. Zimmerman moves to remand the case back to state court. (Doc. 9.)[1] Forkins did not respond, so the Court treats the motion as unopposed. *See* Local Rule 3.01(d). For the reasons below, the motion is **GRANTED**.

A defendant may remove a state case to federal court provided it could have been brought there in the first place. *See* 28 U.S.C. § 1441(a). Pertinent here, federal courts have diversity jurisdiction if the amount in controversy exceeds $75,000, and there is complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

The defendant seeking removal must establish diversity jurisdiction as of the date of the removal. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010); *Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc.*, 330 F.3d 1308, 1310 (11th Cir. 2003). He must show, by a preponderance of the evidence, facts supporting each element. *Burns v. Windsor Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994). Removal raises significant federalism concerns, so any doubt as to the presence of jurisdiction should be resolved in favor of remand. *See Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

Zimmerman argues that there is a problem with both diversity of citizenship and the amount in controversy, and the removal was untimely. (Doc. 9.) Any of these issues alone would warrant remand, but the citizenship problem is the most evident.

Citizenship, for jurisdictional purposes, is the equivalent of domicile, not residence. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* at 1257-58. Zimmerman is a citizen of Florida. Forkins' citizenship is unclear. The accident report states that he has a Florida driver's license. (Doc. 9-1.) He also owns a home in Florida. (Doc. 9-2.) But the Notice of Removal states that Forkins is a resident of Illinois. (Doc.

2

1 at 6.) And he attaches an affidavit stating, "As of this date, I am still a resident of the State of Illinois" (Doc. 1 at 43). But residency is not sufficient, and domicile isn't mentioned anywhere in Forkins' filings. The Eleventh Circuit has said that citizenship is equivalent to domicile, not residency. *See McCormick*, 293 F.3d at 1257-58. Given the record evidence and the lack of response from Forkins on the issue, he has not met his burden to show, by a preponderance of the evidence, facts supporting diversity. Without proof of diversity, this Court has no jurisdiction.

One last issue. Zimmerman is not entitled to attorney's fees. Courts have discretion to award attorney's fees "only where the removing party lacked an objectively reasonable basis for seeking removal." *MSP Recovery Claims, Series LLC v. Hanover Ins. Co.*, 995 F.3d 1289, 1296 (11th Cir. 2021). Forkins' removal attempt, though unsuccessful, was objectively reasonable considering the record. Indeed, there may be diversity, but he just has not shown it.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion to Remand (Doc. 9) is **GRANTED**.
2. The Clerk is **DIRECTED** to remand this case to state court by transmitting a certified copy of this Order to the clerk for the Twentieth Judicial Circuit in and for Collier County, Florida. The state-court case was previously captioned 2025-CA-001790.

3. Following remand, the Clerk shall terminate any pending motions, terminate all deadlines, and close the case.

**ENTERED** in Fort Myers, Florida on November 13, 2025.

Kyle C. Dudek
United States District Judge

Case 2:25-cv-00923-KCD-DNF   Document 12   Filed 11/13/25   Page 4 of 4 PageID 155